**Information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Nancy Nieves** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name   Middle Name   Last Name |

Social Security number or ITIN  **xxx–xx–2553**
EIN  _ _ – _ _ _ _ _ _ _

Social Security number or ITIN  _ _ _ _
EIN  _ _ – _ _ _ _ _ _ _

United States Bankruptcy Court  **District of New Jersey**

Case number:  **16–31206–CMG**

# Order of Discharge                                                                                        12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Nancy Nieves

2/3/17                                                                **By the court:**   Christine M. Gravelle
                                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                    **Order of Discharge**                                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

```
                        United States Bankruptcy Court
                            District of New Jersey
In re:                                                              Case No. 16-31206-CMG
Nancy Nieves                                                        Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-3          User: admin              Page 1 of 1             Date Rcvd: Feb 03, 2017
                              Form ID: 318             Total Noticed: 10
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 05, 2017.
```
db             +Nancy Nieves,    20 Beacon Blvd,    Keansburg, NJ 07734-1806
516484758      +Astoria Bank,    2000 Marcus Avenue,    Lake Success, NY 11042-1069
516484759      +Astoria Bank,    37-16 30th Avenue,    Long Island City, NY 11103-4300
516484762      +Frank Rampino,    20 Beacon Blvd,    Keansburg, NJ 07734-1806
516484764       PNC Bank,    C/O KML Law Group LLC,    7010 Market St. #5000,    Philadelphia, PA 19106
516484765      +Shore Heart Group,    1820 State Route 33 Ste 4B,    Neptune, NJ 07753-4860
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Feb 03 2017 23:37:59      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 03 2017 23:37:55      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516484760       EDI: CAPITALONE.COM Feb 03 2017 23:13:00      Capital One Bank,    PO BOX 71083,
                 Charlotte, NC 28272-1083
516484761      +EDI: CHASE.COM Feb 03 2017 23:18:00      Chase Slate Card,    PO BOX 15123,
                 Wilmington, DE 19850-5123
                                                                                               TOTAL: 4
```

```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516484763*     +Frank Rampino,    20 Beacon Blvd,    Keansburg, NJ 07734-1806
                                                                                 TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 3, 2017 at the address(es) listed below:
```
              Barry R. Sharer    on behalf of Trustee Barry R. Sharer CShapiro@SharerPBS.com,
               BSharer@SharerPBS.com;nj83@ecfcbis.com
              Barry R. Sharer     CShapiro@SharerPBS.com,    BSharer@SharerPBS.com;nj83@ecfcbis.com
              Denise E. Carlon    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Paul N. Mirabelli    on behalf of Debtor Nancy  Nieves pmirabelli@verizon.net
                                                                                             TOTAL: 4
```